UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **MORGAN HAMRICK**, <br> c/o her attorneys <br> 24870 Fairmount Boulevard <br> Beachwood, Ohio 44122 <br><br> on behalf of herself and all others <br> similarly situated, <br><br>         Plaintiff, <br> v. <br><br> **ALL STAR DRIVER EDUCATION, LLC.** <br> c/o its statutory agent <br> Bob Vance <br> 3764 Westbrook Drive <br> Hilliard, Ohio 43026 <br><br>         Defendant. | CASE NO. <br><br> JUDGE |

**PLAINTIFF'S CLASS AND COLLECTIVE ACTION COMPLAINT
WITH JURY DEMAND**

Plaintiff Morgan Hamrick, through counsel, for her Class and Collective Action Complaint against Defendant All Star Driver Education, LLC ("All Star"), states and alleges as follows:

**INTRODUCTION**

1. This case challenges Defendant's practice by which they willfully violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219, and Ohio's Prompt Pay Act, Ohio Rev. Code Ann. § 4113.15.

2. Plaintiff brings this case as an FLSA "collective action" pursuant to 29 U.S.C. § 216(b), which provides that "[a]n action to recover the liability" prescribed by the FLSA "may be maintained against any employer … by any one or more employees for and on behalf of himself

or themselves and other employees similarly situated." Plaintiff brings this case on behalf of herself and other "similarly-situated" persons who may join the case pursuant to § 216(b) (the "Potential Opt-Ins").

3. Plaintiff also brings this case as a class action pursuant to FED. R. CIV. P. 23 on behalf of herself and other putative class members, defined herein, who assert factually-related claims under Ohio's overtime compensation statute and Ohio's Prompt Pay Act.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

5. This Court has supplemental jurisdiction over Plaintiff's state-law claims because those claims are so related to the FLSA claims as to form part of the same case or controversy.

6. Venue is proper in this judicial district and division pursuant to 28 U.S.C. § 1391(b) because the harms alleged herein occurred within the territorial jurisdiction of this Court and Defendant has conducted continuous business within the territorial jurisdiction of this Court.

## PARTIES

7. At all times relevant, Plaintiff Morgan Hamrick was a citizen of the United States and an Ohio resident and, as described below, an employee of Defendant at Defendant's business location in Toledo, Ohio.

8. Defendant is a foreign corporation that is headquartered in Ann Arbor, Michigan, which does business in in Ohio, Arizona, Colorado, Delaware, Georgia, Idaho, Indiana, Michigan, Minnesota, Missouri, Nevada, Ohio, Oklahoma, and Tennessee.

**FACTUAL ALLEGATIONS**

9. Defendant owns and operates a business providing driver education to students throughout the United States.

10. Defendant was an "employer" of Plaintiff, the Putative Opt-Ins within the meaning of the FLSA, 29 U.S.C. § 203(d).

11. At all times relevant, Defendant was an enterprise within the meaning of 29 U.S.C. § 203(r), and an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1).

12. Plaintiff worked for Defendant for eight years as a driving instructor from approximately 2014 through May 2022.

13. As an instructor, Defendant required Plaintiff each shift to retrieve the company's instruction car, drive the car to the student's location, pick up the student, and provide instruction to the student.

14. Once her instruction was completed, Plaintiff would drive the company's car from the student's location back to its designated parking spot.

15. If instruction appointments were back-to-back, Defendant instructed Plaintiff to travel directly from one appointment to the next, without returning the car in between appointments.

16. During back-to-back appointments, Defendant directed Plaintiff to return the company's instruction car to its designated parking spot after her final instruction appointment was completed.

17. Although all of the time Plaintiff spent in Defendant's car was compensable working time under the FLSA, Defendants failed to pay Plaintiff for the time she spent driving

3

from its parking spot to her first appointment, and also failed to pay Plaintiff for the time she spent driving the car from her last appointment back to its parking spot.

18. Defendant required its other instructors to drive to and from appointments from the company car's designated parking spots without pay.

19. Defendant knew this work was being performed by its instructors but nevertheless refused to pay them for that working time.

20. Plaintiff regularly worked more than 40 hours per workweek for Defendant.

21. As a result, much of the unpaid working time was work performed in excess of 40 hours per workweek and should have been paid as overtime, or one-and-one-half times the instructor's regular rate of pay.

## The Willfulness of Defendants' Violations

22. Defendant knew that Plaintiff, the Potential Opt-Ins, and the Potential Class Members were entitled to compensation for all hours worked and overtime compensation for hours over 40 in a workweek under both federal and state law, or acted in reckless disregard for whether they were so entitled.

23. Defendant intentionally and willfully circumvented the requirements of the FLSA and state law. Defendant designed their scheduling, timekeeping, and payroll policies and practices in an attempt to reduce employees' paid hours and circumvent federal and state wage-and-hour laws.

## COLLECTIVE ACTION ALLEGATIONS

24. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

25. Plaintiff brings this case as an FLSA "collective action" pursuant to 29 U.S.C. § 216(b), which provides that "[a]n action to recover the liability "prescribed by the FLSA "may be maintained against any employer … by any one or more employees for and on behalf of themselves and other employees similarly situated."

26. Plaintiff brings her collective action claims on behalf herself and other similarly situated individuals defined as:

> All instructors employed by Defendant during the period three years preceding the commencement of this action to the present.

27. Such persons are "similarly situated" with respect to Defendant's FLSA violations in that all were subject to and injured by Defendant's unlawful timekeeping and payroll practices, and all have the same claims against Defendant for unpaid regular and overtime compensation, as well as for liquidated damages, attorneys' fees, and costs.

28. Conditional certification pursuant to 29 U.S.C. § 216(b) is proper and necessary, such that all such persons should be sent a Court-authorized notice informing them of the pendency of this action and giving them the opportunity to "opt in."

29. Upon information and belief, the number of similarly situated persons in each group exceeds 100 persons.

## CLASS ACTION ALLEGATIONS

30. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

31. Plaintiff brings this case on behalf of herself and other similarly situated class members defined as:

> All instructors employed by Defendant during the period three years preceding the commencement of this action to the present.

32. The Class is so numerous that joinder of all Class Members is impracticable. Plaintiff avers, upon information and belief, that each of the Ohio Class totals more than 100 employees of Defendant. The number of Class Members as well as their identities are ascertainable from records Defendant has maintained, and was required to maintain, pursuant to the FLSA and Ohio law. 29 U.S.C. § 211(c) & 29 C.F.R. § 215.2; Ohio Const. art. II, § 34a.

33. Questions of law or fact common to the Ohio Class predominate. Those questions include, but are not limited to:

   a. Whether Defendant was required to pay Plaintiff and the Class Members one and one-half times their "regular rate" for hours worked in excess of forty hours in a workweek while driving to and from appointments;

   b. Whether Defendant violated Ohio law by failing to timely to pay Plaintiff and the Class Members for all hours worked on a semi-monthly basis, and never rectified that failure to pay in a timely manner; and

   c. Whether Defendant deprived Plaintiff and other Class Members of overtime compensation at one and one-half times their "regular rate" for hours worked in excess of forty hours in a workweek.

34. Plaintiff is a member of the Class, and her claims are typical of the claims of other members of the Ohio Class. Plaintiff's claims arise out of the same uniform courses of conduct by Defendant, and are based on the same legal theories, as the claims of other Class Members.

35. Plaintiff will fairly and adequately protect the interests of the Ohio Class. Plaintiff's interests are not antagonistic to, but rather are in unison with, the interests of other ClassMembers. Plaintiff's counsel has broad experience in handling class action litigation, including wage-and-hour litigation, and are fully qualified to prosecute the claims of theOhio Class in this case.

6

36.     The questions of law or fact that are common to the Ohio Class predominate over any questions affecting only individual members. The primary questions that will determine Defendant's liability to the class, listed above, are common to the class as a whole, and predominate over any questions affecting only individual class members.

37.     A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Requiring class members to pursue their claims individually would entail a host of separate suits, with concomitant duplication of costs, attorneys' fees, and demands on court resources. Many class members' claims are sufficiently small that they would be reluctant to incur the substantial cost, expense, and risk of pursuing their claims individually.

38.     Certification of this case as a class action pursuant to FED. R. CIV. P. 23 will enable the issues tobe adjudicated for all class members with the efficiencies of class litigation.

## COUNT ONE
### (FLSA Overtime Violations)

39.     Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

40.     Plaintiff bring this claim for violation of the FLSA's overtime provisions on behalfof herself and the Potential Opt-Ins who may join this case pursuant to 29 U.S.C. § 216(b). Plaintiff's written consent to be a party to this action pursuant to § 216(b) is filed herewith.

41.     The FLSA required Defendant to pay its non-exempt employees overtime compensation at one and one-half times their "regular rate" for all hours worked in excess of forty hours in a workweek.  29 U.S.C. §§ 206, 207(e)(3); 29 C.F.R. § 778.117.

42.     Defendant failed to pay requisite overtime compensation to Plaintiff and the Potential Opt-Ins for all hours worked in excess of forty hours in a workweek. As more fully

described above, Defendants, in violation of law, failed to pay its instructors for all hours suffered or permitted to work.

43. By engaging in these practices, Defendant willfully violated the FLSA and regulations thereunder that have the force and effect of law.

44. As a result of Defendant's violations of the FLSA, Plaintiff and the Potential Opt-Ins were injured in that they did not receive minimum wages and overtime compensation due to them pursuant to the FLSA. Section 216(b) of the FLSA entitles them to an award of unpaid overtime compensation, as well as "an additional equal amount as liquidated damages." Section 216(b) further provides that "[t]he court … shall … allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."

## COUNT TWO
### (Ohio Prompt Pay Act Violations)

45. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

46. Ohio's Prompt Pay Act, Ohio Rev. Code Ann. § 4113.15(A), provides that "[e]veryemployer doing business in this state shall, on or before the first day of each month, pay all its employees the wages earned by them during the first half of the preceding month ending with thefifteenth day thereof, and shall, on or before the fifteenth day of each month, pay such employeesthe wages earned by them during the last half of the preceding calendar month."

47. Defendants failed to pay all wages due under Ohio's Prompt Pay Act to Plaintiff and the members of the Ohio Class, which entitles them to the unpaid wages, plus "an amount equal to six per cent of the amount of the claim still unpaid and not in contest or disputed or two hundred dollars, whichever is greater."

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that the Court:

A. Certify this case as an FLSA "collective action" pursuant to 29 U.S.C. § 216(b) and direct that Court-approved notice be issued to similarly-situated persons informing them of this action and enabling them to opt in;

B. Certify this case as a class action pursuant to FED. R. CIV. P. 23 on behalf of Plaintiff and other members of the Ohio Class;

C. Enter judgment against Defendant and in favor of Plaintiff, the Opt-Ins who join this case pursuant to 29 U.S.C. § 216(b), and the Ohio Class;

D. Award compensatory damages to Plaintiff, the Opt-Ins who join this case pursuant to 29 U.S.C. § 216(b), and the Ohio Class in the amount of their unpaid wages, as well as liquidated damages in an equal amount;

E. Award pre- and post-judgment interest; and

F. Award Plaintiff her costs and attorneys' fees incurred in prosecuting this action and such further relief as the Court deems equitable and just.

Respectfully submitted,

*/s/ Joshua B. Fuchs*
Joshua B. Fuchs (0087066)
24870 Fairmount Boulevard
Beachwood, Ohio 44122
216-505-7500 [phone and fax]
josh@fuchsfirm.com

*/s/ James J. Hux*
James J. Hux (0092992)
3 Severance Circle #18147
Cleveland Heights, Ohio 44118
Phone: (937) 315-1106
Fax:    (216) 359-7760
Email: jhux@huxlawfirm.com

*Attorneys for Plaintiff*

9

## **JURY DEMAND**

Plaintiff hereby demands a trial by jury on all issues so triable.

/s/ Joshua B. Fuchs